IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JOHN A. HAWN, BRYAN LINDSEY,
HEATHER SEAWRIGHT, RONNIE HORTON,
and MATILDA MOORE                                                                                  PLAINTIFFS

v.                                                      CIVIL ACTION NO.: 1:13-cv-00036-GHD-DAS

CHRISTOPHER (C.G.) HUGHES and
MICHAEL BERTHAY, in their individual capacities;
and the COMMISSIONER OF PUBLIC SAFETY
FOR THE STATE OF MISSISSIPPI, for declaratory relief                           DEFENDANTS

<u>MEMORANDUM OPINION GRANTING DEFENDANT COMMISSIONER OF PUBLIC
SAFETY FOR THE STATE OF MISSISSIPPI'S
MOTIONS TO DISMISS PLAINTIFFS' CLAIMS AND
DEFENDANT/CROSSPLAINTIFF CHRISTOPHER (C.G.) HUGHES' CROSS-CLAIMS</u>

Presently before the Court are two motions filed by Defendant Commissioner of Public Safety for the State of Mississippi pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure: a motion to dismiss Plaintiffs' claims [89] against him and a motion to dismiss [91] Defendant/Cross-Claimant Christopher (C.G.) Hughes' cross-claims against him.[1] Upon due consideration, the Court finds that both motions should be granted.

*A. Factual and Procedural Background*

Plaintiffs John A. Hawn, Bryan Lindsey, Heather Seawright, Ronnie Horton, and Matilda Moore ("Plaintiffs") bring this action to recover actual and punitive damages for alleged use of excessive force and unreasonable seizure of the person in violation of the Fourth Amendment and Fourteenth Amendment pursuant to 42 U.S.C. § 1983. Plaintiffs bring their claims against Defendants Christopher (C.G.) Hughes ("Officer Hughes"), a former officer of the Mississippi

---

[1] Also pending is Defendant Michael Berthay's motion for summary judgment [85] based on the doctrine of qualified immunity and Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure. The Court will rule on this motion at a later date.

1

Highway Patrol,[2] in his individual capacity; Michael Berthay ("Berthay"), former director of the Mississippi Highway Patrol, in his individual capacity; and the Commissioner of Public Safety for the State of Mississippi (the "Commissioner"),[3] in his official capacity.

Plaintiffs sue the Commissioner under Section 1983 for declaratory and injunctive relief, alleging that the Commissioner makes policy decisions for the Mississippi Highway Patrol and at all times relevant to Plaintiffs' claims acted under color of state law; Officer Hughes committed acts of excessive force against Plaintiffs in violation of the Fourth Amendment and Fourteenth Amendment; the Commissioner failed to prosecute Officer Hughes for his acts of excessive force directed at Plaintiffs; because of the Commissioner's alleged failure to prosecute, the Commissioner is estopped from now claiming that Officer Hughes' acts of excessive force were not committed in the course and scope of his employment; this Court should thus declare that Officer Hughes' acts of excessive force were committed in the course and scope of his employment; and because of this, the Commissioner should be required to indemnify Officer Hughes pursuant to the MTCA, Mississippi Code § 11-46-7. Plaintiffs further allege that Officer Hughes committed these acts of excessive force in the course and scope of his employment, that the Mississippi Tort Claims Act (the "MTCA") requires the Mississippi Department of Public Safety to indemnify any officer who violates an individual's constitutional rights while in the course and scope of that officer's employment, and that the Commissioner's

---

[2] The Mississippi Highway Patrol is a division of the Mississippi Department of Public Safety.

[3] The Court instructs Plaintiffs' counsel that "an individual state official must be named as a defendant to maintain an action for injunctive relief" despite the Eleventh Amendment. *See Jones v. Louisiana*, 764 F.2d 1183, 1185 n.2 (5th Cir. 1985). "[T]he controlling principle as to who is a party to a complaint" is "Fed. R. Civ. P. 10(a)[, which] provides that all parties must be listed in the caption of the complaint." *Id.* at 1185 (emphasis in original). In this case, the Commissioner is identified in the caption of the second amended complaint only by his title. Although the Court in this case does not consider the inadequacy of the pleading, for future reference, in any case asserting claims against a state official in his or her official capacity, Plaintiffs' counsel should include the full names of state officials in the complaint's caption and throughout the body of the complaint. *See id.* at 1186.

alleged failure to prosecute estops him from claiming that Officer Hughes' acts were not in the course and scope of his employment or that they were criminal.

Officer Hughes has filed an answer to the second amended complaint with his cross-complaint against the Commissioner, alleging that "[e]ach of the actions complained of were in the course and scope of [Officer] Hughes' employment as a Mississippi State Trooper" and that "[Officer] Hughes is entitled to a declaratory judgment that [the Commissioner] is required to defend and indemnify him in the instant lawsuit." Officer Hughes' Cross-Compl. [66] at 7.

The Commissioner has filed an answer to Plaintiffs' second amended complaint, an answer to Officer Hughes' cross-complaint, and the present motions to dismiss Plaintiffs' claims and Officer Hughes' cross-claims against him pursuant to Rule 12(b)(1).

### B. *Rule 12(b)(1) Standard*

"[A] factual attack under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist." *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012) (quoting *Menchaca v. Chrysler Credit. Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citations omitted)). In such a consideration, the court must

> take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff. . . . [U]nder Rule 12(b)(1), the court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

*Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citations and internal quotation marks omitted). In his motions to dismiss urged under Rule 12(b)(1), the Commissioner challenges Plaintiffs' claims and Officer Hughes' cross-claims on both Article III and Eleventh Amendment grounds. The Court addresses each ground in turn.

## C. Article III of the United States Constitution – Ripeness

First, the Court addresses the Commissioner's argument that the claim and cross-claim are not justiciable under Article III because they are not ripe. The Court finds that the Commissioner's argument is well taken. Article III "confines the federal courts to adjudicate actual 'cases' and 'controversies.' " *In re Boyd Veigel, P.C.*, --- F. App'x ---, 2014 WL 3469268, at *2 (5th Cir. July 16, 2014) (per curiam) (quoting U.S. CONST. ART. III, § 2). Under the Declaratory Judgment Act, "[d]eclaratory judgments are typically sought before a completed 'injury-in-fact' has occurred, but still must be limited to the resolution of an 'actual controversy.' " *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000) (citation omitted). "[C]ourts will not grant declaratory judgments unless the suit is ripe for review." *In re Boyd Viegel, P.C.*, 2014 WL 3469268, at *2 (citing *Foster*, 205 F.3d at 857). Ripeness "separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review." *Foster*, 205 F.3d at 857; *see also United Pub. Workers v. Mitchell*, 330 U.S. 75, 89, 67 S. Ct. 556, 91 L. Ed. 754 (1947) ("[F]ederal courts . . . do not render advisory opinions. For adjudication of constitutional issues, concrete legal issues, presented in actual cases, not abstractions are requisite. This is as true of declaratory judgment as any other field.") (quotation marks omitted).

A declaration that the Commissioner <u>must</u> indemnify Officer Hughes <u>if</u> Officer Hughes is found liable would be an advisory decision and possibly ultimately unnecessary. Further factual development is needed to determine whether the declaratory judgment is warranted; therefore, the claim and cross-claim requesting a declaratory judgment against the Commissioner are not ripe. *See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 587 (5th Cir. 1987) ("[A] case is not ripe if further factual development is required."). However,

even assuming *arguendo* the declaratory judgment is ripe for adjudication, the same is barred under the Eleventh Amendment, as set forth below.

## D. Eleventh Amendment

Second, the Court addresses the Commissioner's argument that the claim and cross-claim are barred under the Eleventh Amendment. Courts should address Eleventh Amendment immunity challenges prior to reaching the merits of a case. *See United States v. Tex. Tech Univ.*, 171 F.3d 279, 285–86 (5th Cir. 1999). The Court will first examine the background of the Eleventh Amendment and will then apply those principles to the issue at hand.

a. Background

Sovereign immunity is a broad jurisdictional doctrine prohibiting suit against the government absent the government's consent. Sovereign immunity was assumed at common law, brought from England to the colonies, and existed prior to the ratification of the United States Constitution. Although the term "sovereign immunity" nowhere appears in the Constitution, the concept was perhaps woven into the very fabric of the document. Andrew Hamilton explained:

> It is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent. This is the general sense, and the general practice of mankind; and the exemption, as one of the attributes of sovereignty, is now enjoyed by the government of every State in the Union.

THE FEDERALIST NO. 81, at 511 (Alexander Hamilton) (Wright ed., 1961). At the Virginia ratifying convention, James Madison stated: "Jurisdiction in controversies between a state and citizens of another state is much objected to, and perhaps without reason. It is not in the power of any individuals to call any state into court." 3 DEBATES ON THE FEDERAL CONSTITUTION 533 (J. Elliot 2d ed., 1854). At that same convention, John Marshall stated: "With respect to disputes

5

between a state and the citizens of another state, its jurisdiction has been decried with unusual vehemence. I hope no gentleman will think that a state will be called at the bar of the federal court." 3 *id.*, at 555.

Despite the long-standing principle of sovereign immunity, in 1793, the United States Supreme Court held that a state could be sued by a citizen of another state or a foreign country. *See Chisolm v. Georgia*, 2 Dall. 419, 1 L. Ed. 440 (1793). But five years later, the states ratified the Eleventh Amendment, which provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI; *see* C. JACOBS, THE ELEVENTH AMENDMENT AND SOVEREIGN IMMUNITY 64–75 (1972). The Fifth Circuit has stated: "Eleventh Amendment immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011) (internal citations omitted).

"The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States, and by its own citizens as well." *Lapides v. Bd. of Regents*, 535 U.S. 613, 616, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002) (citation omitted). Indeed, "[t]he amendment has been judicially construed to bar federal jurisdiction over suits brought against a state by its own citizens, despite the absence of language to that effect." *See Jagnandan v. Giles*, 538 F.2d 1166, 1177 (5th Cir.), *cert. denied*, 432 U.S. 910, 97 S. Ct. 2959, 53 L. Ed. 2d 1083 (1977) (internal citations omitted). Both federal and state law claims are barred from being asserted against a

state in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119–21, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).[4]

### b. Analysis and Discussion

In the case *sub judice*, Plaintiffs sue the Commissioner in his official capacity for a declaratory judgment and injunctive relief pursuant to Section 1983 that the Commissioner failed to prosecute Officer Hughes for the alleged constitutional violations and that the Commissioner is now estopped from claiming that Officer Hughes' alleged constitutional violations were not within the course and scope of his employment and thus that the Commissioner must indemnify Officer Hughes in the event he is found liable for the alleged acts under the MTCA. Officer Hughes cross-claims that his alleged acts were made in the course and scope of his employment and thus that the Commissioner must indemnify Officer Hughes in the event he is found liable for the alleged acts. The Commissioner apparently considers the claims and cross-claims to be urged through state law and contends that the same are barred by the Eleventh Amendment. This issue appears to be one of first impression not only for this Court, but also for any court in the Fifth Circuit. As explained later in this opinion, the Court finds that the claims and cross-claims, though referencing state law, are asserted through Section 1983 and are barred by the Eleventh Amendment.

States are immune from suit on Section 1983 claims under the Eleventh Amendment, as states are not "persons" subject to liability under Section 1983. *Arizonans for Official English*, 520 U.S. at 69 & 69 n.24, 117 S. Ct. 1055; *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). State immunity "extends to any state agency or

---

[4] Notably, Congress did not abrogate Eleventh Amendment immunity by granting federal courts supplemental jurisdiction over state law claims in 28 U.S.C. § 1367(a). *See Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541–42, 122 S. Ct. 999, 152 L. Ed. 2d 27 (2002).

entity deemed an 'alter ego' or 'arm' of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). The Mississippi Department of Public Safety is indisputably an agency and arm of the State of Mississippi. *See, e.g., Delaney v. Miss. Dep't of Pub. Safety*, No. 3:12CV229TSL–MTP, 2013 WL 286365, at *3 (S.D. Miss. Jan. 24, 2013) (citing *Wamble v. County of Jones*, No. 2:09cv103KS-MTP, 2012 WL 2088820, at *5 (S.D. Miss. June 8, 2012) (in turn citing *Brown v. Simpson*, No. 4:08CV117–P–S, 2009 WL 2449898, at *1 n.1 (N.D. Miss. Aug. 7, 2009))).

The Mississippi Department of Public Safety's executive director holds the title of Commissioner of Public Safety and is appointed by the Governor with the advice and consent of the State senate. *See* MISS. CODE ANN. § 45-1-2. A suit against the Commissioner in his official capacity is a suit against the State itself. *See New Orleans Towing Ass'n, Inc. v. Foster*, 248 F.3d 1143, 2001 WL 185033, at *3 (5th Cir. Feb. 6, 2001) ("This immunity also extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself."). *See also Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (citing *Ky. v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)); *Pennhurst*, 465 U.S. at 117, 104 S. Ct. 900. Therefore, suit against the Commissioner in his official capacity is barred by the Eleventh Amendment. However, there are three possible exceptions to Eleventh Amendment immunity: (i) valid abrogation by Congress, (ii) waiver or consent to suit by the State, or (iii) amenability of the State to suit under the *Ex parte Young* doctrine.

*i. Abrogation*

Abrogation applies only if Congress has unequivocally expressed its intent to abrogate a state's sovereign immunity and is acting pursuant to a valid exercise of power. *See Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 55, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996). Section 1983

does not explicitly indicate Congress's intent to abrogate a state's Eleventh Amendment immunity from suit. *See Quern v. Jordan*, 440 U.S. 332, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979). Indeed, the Fifth Circuit has stated: "There has been no Congressional abrogation of state sovereign immunity as to claims under [Section] 1983 . . . ." *Hines v. Miss. Dep't of Corr.*, 239 F.3d 366, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000). Thus, abrogation does not apply as an exception to Eleventh Amendment immunity with respect to these claims and cross-claims against the Commissioner.

### ii. Waiver/Consent to Suit

Eleventh Amendment sovereign immunity from suit is waiveable, but such waiver must be clearly stated and will not be easily implied. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997); *Jagnandan*, 538 F.2d at 1117 (citing *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); *Petty v. Tenn.-Mo. Bridge Comm'n*, 359 U.S. 275, 276, 79 S. Ct. 785, 3 L. Ed. 2d 804 (1959)). "Even when a State consents to suit in its own courts, . . . it may retain Eleventh Amendment immunity from suit in federal court." *Martinez v. Tex. Dep't of Criminal Justice*, 300 F.3d 567, 575 (5th Cir. 2002). Although Mississippi allows certain suits against state officials through the MTCA, the MTCA expressly preserves the State's Eleventh Amendment immunity on such claims brought in federal court. The MTCA provides that "[n]othing contained in this chapter shall be construed to waive the immunity of the state from suit <u>in federal courts</u> guaranteed by the Eleventh Amendment to the Constitution of the United States." MISS. CODE ANN. § 11–46–5(4) (emphasis added). *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 594 (5th Cir. 2006) ("The MTCA . . . preserves all immunities granted by the Eleventh Amendment of the United States Constitution."); *Stokes v. Ward*, 132 F.3d 1455, 1997 WL 802955, *2 (5th Cir. Nov. 21, 1997)

9

(per curiam); *Bogard v. Cook*, 586 F.2d 399, 410 (5th Cir. 1978). Accordingly, it cannot be said that the State waived or consented to be sued in this Court on Plaintiffs' claims or Officer Hughes' cross-claims against the Commissioner.

### iii. *Ex parte Young* Doctrine

The third exception to Eleventh Amendment immunity is the State's amenability to suit under the *Ex parte Young* doctrine. In determining whether the doctrine of *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), precludes an Eleventh Amendment bar to suit, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Cantu Servs., Inc. v. Roberie*, 535 F. App'x 342, 344–45 (5th Cir. 2013) (quoting *Va. Office for Prot. & Advocacy v. Stewart*, —— U.S. ——, 131 S. Ct. 1632, 1639, 179 L. Ed. 2d 675 (2011) (in turn quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645, 122 S. Ct. 1753, 152 L. Ed. 2d 871 (2002) (internal citation and quotation marks omitted))). *Ex parte Young* thus allows suit to be brought against a state officer in federal court for the purpose of enforcing the Supremacy Clause to the Constitution if the following criteria are met: (1) the plaintiff has pleaded his case against the state official responsible for enforcing the law at issue in that person's official capacity; (2) the plaintiff has alleged an ongoing violation of federal law; and (3) the plaintiff has requested the proper relief, that is, prospective, injunctive relief, or relief that is ancillary to prospective relief. *See Walker v. Livingston*, 381 F. App'x 477, 478 (5th Cir. 2010) (per curiam) (citing *Seminole Tribe of Fla.*, 517 U.S. at, 73, 116 S. Ct. 1114).

With regard to the first prong in the *Ex parte Young* analysis, the claims and cross-claims at issue are asserted against the Commissioner as the officer responsible for making policy for the Mississippi Department of Public Safety. The Commissioner does not dispute that the claims

and cross-claims are pleaded against the correct state official under the circumstances and thus does not dispute that the first prong is met. However, the claims and cross-claims fail to satisfy the second and third prongs in the analysis, because this is not a suit seeking prospective injunctive or declaratory relief in order to end a continuing violation of federal law.

With respect to the second prong, the claims and cross-claims against the Commissioner fail to allege an ongoing violation of federal law. The indemnity claim and cross-claim are seemingly cloaked as a state-law indemnity claim pursuant to the MTCA, Mississippi Code § 11-46-7. If the claim and cross-claim indeed arise under state law, the same are barred by the Eleventh Amendment and not allowed under *Ex parte Young*. *See Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). In urging this claim and cross-claim, Plaintiffs and Officer Hughes seek a declaration from this Court that Officer Hughes' alleged acts against Plaintiffs occurred in the course and scope of his employment, as defined in Mississippi Code § 11-46-7. Federal courts may not instruct state officials on matters of state law, thereby significantly intruding on state sovereignty and failing to enforce the Supremacy Clause. "[S]ince state law claims do not implicate federal rights or federal supremacy concerns, the [*Ex parte*] *Young* exception does not apply to state law claims brought against the state" and thus such claims are barred against state officials in their official capacities as suits against the state itself. *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). Therefore, if the indemnity claim urged by Plaintiffs and Officer Hughes against the Commissioner is indeed a state-law indemnity claim, it is barred under the Eleventh Amendment.

However, it is the opinion of this Court that the claim and cross-claim against the Commissioner are urged through Section 1983, as Plaintiffs state in their second amended

complaint. *See* Pls.' 2d Am. Compl. [53] ¶¶ 3-4, 30. Plaintiffs allege that the Commissioner makes policy decisions for the Mississippi Highway Patrol and at all times relevant to Plaintiffs' claims acted under color of state law; Officer Hughes committed acts of excessive force against Plaintiffs in violation of the Fourth Amendment and Fourteenth Amendment; the Commissioner failed to prosecute Officer Hughes for his acts of excessive force directed at Plaintiffs; because of the Commissioner's alleged failure to prosecute, the Commissioner is estopped from now claiming that Officer Hughes' acts of excessive force were not committed in the course and scope of his employment; this Court should thus declare that Officer Hughes' acts of excessive force were committed in the course and scope of his employment; and because of this, the Commissioner should be required to indemnify Officer Hughes pursuant to the MTCA, Mississippi Code § 11-46-7. The cross-claim reiterates Plaintiffs' allegations that Officer Hughes' alleged acts were within the course and scope of his employment and thus that the Commissioner should be required to indemnify Officer Hughes.

Although the claim and cross-claim refer to indemnity pursuant to state law, the foundation of the claim and cross-claim is actually that the Commissioner makes policy decisions for the Mississippi Highway Patrol and while acting under color of state law failed to prosecute Officer Hughes for the alleged acts of excessive force against Plaintiffs. Although state law is a small ingredient of the claim, the claim arises under federal law: Section 1983. Nevertheless, with respect to the second prong of the *Ex parte Young* analysis, Plaintiffs allege that Officer Hughes committed constitutional violations from 2007 to 2012, but not thereafter. The indemnity Plaintiffs and Officer Hughes seek from the Commissioner is "tantamount to an award of damages for a past violation of federal law." *See Papasan v. Allain*, 478 U.S. 265, 278,

12

106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986). As such, the claim and cross-claim fail to allege an ongoing violation of federal law under *Ex parte Young*.

The claim and cross-claim further fail to request the relief allowed under *Ex parte Young*. The United States Supreme Court has recognized that an indemnification claim—even if pleaded as a state law claim—can actually constitute "a claim against the State for retroactive monetary relief . . . barred by the Eleventh Amendment." *Oneida County v. Oneida Indian Nation of N.Y. State*, 470 U.S. 226, 251, 105 S. Ct. 1245, 84 L. Ed. 2d 169 (1985). *Accord Jones v. Courtney*, 466 F. App'x 696, 700 (10th Cir. 2012) (per curiam); *Ortiz-Feliciano v. Toledo-Davila*, 175 F.3d 37, 39 (1st Cir. 1999); *In re Sec'y of Dep't of Crime Control & Pub. Safety*, 7 F.3d 1140, 1145, 1149 (4th Cir. 1993); *In re Manson Constr. Co.*, 883 F. Supp. 2d 659, 667 (E.D. La. 2012); *Mullin v. P & R Educ. Servs., Inc.*, 942 F. Supp. 110, 114–15 (E.D.N.Y. 1996). *See Blaylock v. Schwinden*, 862 F.2d 1352, 1354 n.1 (9th Cir. 1988) ("The [E]leventh [A]mendment prohibits a district court from ordering payment of a judgment from the state treasury. The court may properly order the officials to pay damages under [Section] 1983, but if the officials desire indemnification under the state statute, they must bring their own action in state court.").

"The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter," regardless of how the case is pleaded. *Pennhurst*, 465 U.S. at 101, 104 S. Ct. 900 (quotation marks and citation omitted). "[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman*, 415 U.S. at 663, 94 S. Ct. 1347. Plaintiffs indicate that they expect to collect any judgment that may be entered against Officer Hughes from the State. *See* Pls.' 2d Am. Compl. [53] ¶ 30 ("Since [Officer] Hughes is incarcerated, and unable to pay any judgment, a finding that he was not acting in the course and

scope of his employment may result in a lack of remedy for violation of Plaintiffs' constitutional rights. Failure to provide a remedy for violation of constitutional rights is in disharmony with [Section] 1983] . . . .").

Therefore, as Plaintiffs recognize, the reason they seek a declaration by this Court that Officer Hughes was acting within the course and scope of his employment when he committed the alleged acts of excessive force is to obtain a judgment from the State. It is clear to this Court—and apparently also to Plaintiffs—that any such judgment would "be paid from public funds in the state treasury." *See Edelman*, 415 U.S. at 663, 94 S. Ct. 1347. The weight of case law compels this Court to come to the logical conclusion that the relief sought by Plaintiffs and Officer Hughes against the Commissioner is impermissible relief "against the sovereign." *See Pennhurst*, 465 U.S. at 101, 104 S. Ct. 900. Because the claims and cross-claims against the Commissioner in his official capacity fail to allege an ongoing violation of federal law and fail to seek the appropriate relief under *Ex parte Young*, the claims and cross-claims against the Commissioner do not fall within the *Ex parte Young* exception to Eleventh Amendment immunity.

Therefore, because Plaintiffs' claims and Officer Hughes' cross-claims against the Commissioner are not ripe and are barred by Eleventh Amendment immunity, the claims and cross-claims must be dismissed.

*E. Conclusion*

Based on the foregoing, Defendant the Commissioner of Public Safety for the State of Mississippi's motion to dismiss [89] Plaintiffs' claims against it is GRANTED, as the same are unripe under Article III and barred by the Eleventh Amendment; Plaintiffs' claims against Defendant the Commissioner of Public Safety for the State of Mississippi are DISMISSED; and

Defendant the Commissioner of Public Safety for the State of Mississippi is DISMISSED AS A PARTY TO THE ACTION.

Further, Defendant/Cross-Defendant the Commissioner of Public Safety for the State of Mississippi's motion to dismiss [91] Defendant/Cross-Plaintiff Christopher (C.G.) Hughes' cross-claims against Defendant the Commissioner of Public Safety for the State of Mississippi is GRANTED, as the same are unripe under Article III and barred by the Eleventh Amendment; Cross-Plaintiff Christopher (C.G.) Hughes' cross-claims against Defendant the Commissioner of Public Safety for the State of Mississippi are DISMISSED; and Christopher (C.G.) Hughes is DISMISSED AS A CROSS-PLAINTIFF in the action.

Plaintiffs' claims against Defendants Christopher (C.G.) Hughes and Michael Berthay, in their individual capacities, remain viable, and Defendants Christopher (C.G.) Hughes and Michael Berthay remain parties in the action.

An order in accordance with this opinion shall issue this day.

THIS, the 3rd day of September, 2014.

_____
SENIOR JUDGE