IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JOHN A. HAWN, BRYAN LINDSEY,
HEATHER SEAWRIGHT, RONNIE HORTON,
and MATILDA MOORE                                                          PLAINTIFFS

v.                                                    CAUSE NO. 1:13-CV-000036-NBB-DAS

CHRISTOPHER (C.G.) HUGHES,
in His Individual Capacity; and
MICHAEL BERTHAY, in His Individual Capacity                       DEFENDANTS

MEMORANDUM OPINION

This cause comes before the court upon defendant Michael Berthay's motion to vacate and reconsider his denial of summary judgment. After due consideration of the motion, responses, and the attached exhibits, the court is ready to rule.

On May 5, 2015, defendant Berthay filed a motion requesting the court vacate the order denying summary judgment issued on September 8, 2014, and reconsider the merits of his motion. The present motion to vacate brings forth two arguments in support. Berthay first argues the writing judge, not the undersigned, was prejudiced at the time Berthay's summary judgment motion was pending before the court. Second, Berthay argues that no material fact issue is present in this cause and that a ruling as a matter of law is appropriate.

The first issue before the court is resolved by submitted exhibits. Berthay contends the previous judge in this case may have been prejudiced at the time of ruling on Berthay's motion for summary judgment because a relative of the judge is currently being represented by plaintiff's counsel in an unrelated case. When Berthay filed his motion for reconsideration, the initial date of the relative's attorney-client relationship with counsel was unclear. Subsequent responses by plaintiff's counsel made clear, however, that the relative's attorney-client

relationship began after the previous judge ruled on Berthay's motion for summary judgment. Once the previous judge became aware of defense counsel's objection, he recused himself from the case and wrote defense counsel herein. An explanation of the timeline follows.

Berthay filed his motion for summary judgment on January 28, 2014. The court issued its order and memorandum denying summary judgment on September 8, 2014. The relative's "Client Information Sheet" presented by counsel records September 11, 2014, as the relative's initial office visit date for the purpose of discussing his case. Plaintiff's counsel provides this client information sheet as an attached exhibit in response to Berthay's motion to vacate and reconsider summary judgment. The relative's attorney-client relationship began three days after the previous judge ruled on defendant Berthay's motion for summary judgment. The court finds this exhibit sufficient to show no circumstance existed wherein the previous judge's impartiality could be questioned at the time the court ruled on defendant Berthay's motion for summary judgment.

In his second argument, Berthay asserts the court wrongly determined that a material fact issue exists regarding whether he has the authority to discipline or terminate officers under his command. This disputed material fact was the basis for denial of Berthay's motion for summary judgment. This argument is not settled by exhibits alone. The court's standard of review for a reconsideration of this issue applies.

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration; however, the Fifth Circuit Court of Appeals has held that a district court may entertain such a motion and treat it as a motion to alter or amend under Rule 59(e) or as a motion for relief from judgment under Rule 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). "If the motion for reconsideration is filed and served within ten days of the

judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise it is treated as a Rule 60(b) motion." *Shepherd*, 372 F.3d at 328 n.1.

The court order denying defendant Berthay's motion for summary judgment was entered on September 8, 2014. On May 7, 2015, Berthay filed his motion for reconsideration, far beyond the ten day limitation wherein the Rule 59(e) standard would apply. Therefore, this court applies the Rule 60(b) standard to review this motion.

Federal Rule of Civil Procedure 60(b) provides in pertinent part:

> On motion and just terms, the court may relieve a party . . . from [an] order [ ] for the following reasons: (1) mistake . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void . . . or (6) any other reason that justifies relief.

A motion for relief under rule 60(b) is subject to the discretion of the court. *Hand v. U.S.*, 441 F.2d 529 (5th Cir. 1971). "Courts are disinclined to disturb judgments under the aegis of Rule 60(b)." *Pease v. Pakhoed*, 980 F.2d 995, 998 (5th Cir. 1993). Rule 60(b) relief is "extraordinary . . . and the requirements of the rule must be strictly met." *Longden v. Sunderman,* 975 F.2d 1095, 1102 (5th Cir. 1992).

Defendant Berthay does not address whether the motion is properly before the court through application of Rule 59(e) or Rule 60(b). Nor does Berthay bring forth any precedent in support of reconsideration or attempt to adhere to the requirements of Rule 60(b). Generally, Berthay contends his motion for summary judgment was "incorrectly and wrongly decided" because two deponents, who exposed a disputed material fact, "were not aware of the [consequences] of their innocent and general testimony."

After the court denied Berthay's summary judgment motion, Berthay's counsel deposed the two witnesses seeking a more favorable testimony. Defendant characterizes the newly

clarified testimony as resolving the material factual dispute. However, defendant Berthay is alone in this characterization. The depositions do not reflect the same. The court is not convinced the proffered testimonies resolve the disputed material fact and finds that in many instances they contradict the conclusory nature of defendant's brief. Defendant Berthay has failed to meet his burden under Rule 60(b). Furthermore, the court is concerned by defense counsel's cavalier attempt to re-depose witnesses on this issue until the narrative meets his approval.

## Conclusion

Based on the foregoing reasons, defendant Berthay's motion requesting this court vacate its denial of summary judgment should be denied. Also, plaintiff's motion to strike defendant's motion to vacate is pending before this court. This motion is now moot. A separate order in accord with this opinion shall issue this day.

This, the 16th day of October, 2015.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**